[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 22-12540

Non-Argument Calendar

————————————————

OCEAN FRONT APARTMENTS, INC.,

Plaintiff-Appellant,

*versus*

WRIGHT NATIONAL FLOOD INSURANCE COMPANY,

Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 4:19-cv-10128-JLK

————————————————

Before NEWSOM, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Ocean Front Apartments, Inc. brought a single-claim complaint against Wright National Flood Insurance Company for an insurance adjustment on a building damaged by Hurricane Irma. Fifteen months later, Ocean Front moved to amend its complaint to add a second claim for another building damaged by the storm. The district court denied Ocean Front's motion to amend as untimely—and reaffirmed that reasoning in response to Ocean Front's motion for reconsideration. Ocean Front appeals those decisions. We affirm.

We review a denial of leave to amend for abuse of discretion. *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1270 (11th Cir. 2006). Amendments made more than 21 days after service of the original pleading require the court's leave, which "should be freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). When ruling on leave to amend, a district court may consider five factors: "(1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party by virtue of allowance of the amendment, and (5) futility." *Blackburn v. Shire US Inc.*, 18 F.4th 1310, 1317–18 (11th Cir. 2021) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)).

The district court here found Ocean Front's motion untimely because it "sought leave to amend over fifteen months after

the Complaint was filed." That undue delay, it held, warranted denying leave to amend.

Ocean Front spends much of its briefing on appeal arguing that Wright was not prejudiced by the delayed amendment, or that timeliness isn't a concern because the amendment relates back to the initial complaint. There are numerous problems with both arguments, but we need not get into them. Prejudice and relation back are irrelevant to the analysis here. "A district court need not . . . allow an amendment where there has been undue delay." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). The district court was within its discretion to conclude that Ocean Front's delay in filing to amend was unduly delayed. Accordingly, we affirm.

**AFFIRMED.**